UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY THARP,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:08-cv-542
(Barrett, J.; Litkovitz, M.J.)

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. §406(b)(1)(A) (Doc. 25), the Commissioner's response thereto (Doc. 26), and plaintiff's reply memorandum. (Doc. 28). Plaintiff seeks an award of attorney fees in the amount of $25,709.13 for work done before this Court as provided for under the Act.

Pursuant to 42 U.S.C.§ 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart,* 535 U.S. 789, 792 (2002). In determining the

reasonableness of fees under section 406(b), the starting point is the contingent-fee agreement between the claimant and counsel. *Id.* at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* The Court should also consider factors such as the character of the representation and the results achieved. *Id.* at 808. *See also Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). The Court should consider whether deductions are appropriate for improper conduct or ineffectiveness of counsel and where counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Also relevant to the reasonableness issue are the hours expended by counsel before the District Court and the lawyer's normal hourly billing charge for noncontingent-fee cases. *Gisbrecht*, 535 U.S. at 808.

In the instant case, the District Judge adopted, in part, the Report and Recommendation of the Magistrate Judge reversing the decision of the Commissioner and remanding this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 14, 18).[1] Following remand, plaintiff was found disabled as of November 2005. (Doc. 25, Ex. 1). Acting pursuant to §406(b)(1)(A), the Commissioner withheld twenty-five percent of past due benefits on the account of plaintiff and his child-or $25,709.13- as a potential contingency fee to be awarded to plaintiff's counsel.[2] (Doc. 25, Ex. 1 at 2, Ex. 2 at 2). Counsel requests $25,709.13 as his fee in

---

[1] The Magistrate Judge recommended that this matter be reversed and remanded for an award of benefits. (Doc. 14). The District Court adopted the Magistrate Judge's finding that the ALJ's non-disability finding was not supported by substantial evidence, and rejected the finding that an immediate award of benefits was warranted. (Doc. 18). Accordingly, the District Court vacated and reversed the Commissioner's decision that plaintiff was not disabled, and remanded the matter for further proceedings. *Id.*

[2] Plaintiff's son was also awarded a monthly child's benefit beginning in November 2005. The $25,709.13 fee claimed by plaintiff includes $8,567.50 attributable to the percentage of past-due benefits withheld by the Commissioner on behalf of plaintiff's son. (Doc. 25, Ex. 2 at 2).

2

this case.

In support of his fee request, plaintiff submits that his counsel, Eric P. Allen, expended a total of 18.75 hours of attorney time on this case before the District Court. (Doc. 25, p. 6). Attorney Allen states he has over 20 years of bar membership, has extensive experience in Social Security matters as outlined in the fee application, and charges an hourly rate of $178.32 per hour. *Id.* at p. 4.[3] Dividing the requested fee of $25,709.13 by the 18.75 hours counsel worked on this case produces a hypothetical fee of $1,371.75 per hour. In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Secretary of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. As the Sixth Circuit explained:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez's* windfall rule for "minimal effort expended," the reasonableness of the fee.

---

[3] In the instant motion, plaintiff's counsel asserts that the hourly rate for an attorney with his experience in the downtown Cincinnati area is "over $200.00 per hour," but counsel does not provide his specific hourly rate for non-contingency fee cases. (Doc. 25 at 4). Therefore, the Court adopts the $178.32 hourly rate requested by plaintiff's counsel in his Equal Access to Justice Act ("EAJA") fee petition. (*See* Doc. 20).

3

*Hayes*, 923 F.2d at 422.

The *Hayes* "floor" in this case for Attorney Allen is $6,687.00 representing 18.75 hours times an hourly rate of $178.32 multiplied by 2. Mr. Allen's request is nearly four times that of his hourly rate. If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. *Hayes*, 923 F.2d at 422. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. *Id.*

The Court in *Gisbrecht* specifically instructed that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez*, 865 F.2d at 747). As discussed in *Rodriquez*, the Sixth Circuit has particularly abhorred awards that amount to "windfalls for lawyers" in Social Security cases. The court has criticized such awards in cases that involve no significant issues of material fact, no legal research, and "boilerplate pleadings" that reflect more word-processing than legal skills. *Id.* Where a calculated hourly rate is far in excess of the standard rate, as it is in this case, it is appropriate for a court to consider, at the very least, "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Hayes*, 923 F.2d at 422.

Here, counsel asserts that he undertook a significant risk in representing plaintiff in this case. Counsel asserts that plaintiff handled his claim pro se during the initial administrative proceedings. (Doc. 25 at 3). Because counsel had not yet been retained, plaintiff's counsel asserts that he was unable to provide the medical proof that he normally would have produced

4

during the administrative process. Plaintiff's successful application for benefits is contingent upon the evidence gathered at the administrative level, and counsel is limited in providing new evidence at the District Court level. In light of these factors, counsel asserts that he put significantly more hours into preparing the briefing for this appeal than in most cases. (Doc. 28 at 2). Plaintiff's counsel further asserts that his request is reasonable because he "achieved an excellent result, winning an outright award of benefits at the Court level with a significant amount of back pay awarded to the plaintiff." *Id.*[4]

Upon careful review, the undersigned finds that Mr. Allen has not met his burden of showing the reasonableness of the fees requested. *See* 42 U.S.C. § 406(b); *Gisbrecht*, 535 U.S. at 807. The requested fee is excessive on the facts presented. Notably, the arguments made by plaintiff in support of his fee petition lack any factual support and are contradicted by the evidence of record. Contrary to plaintiff's assertion, plaintiff did not proceed pro se through the administrative process. According to the record, plaintiff was represented by counsel at the administrative hearing. (Tr. 200-24). The decision by the ALJ also states that plaintiff "is represented by attorney Matt Berry." (Tr. 13). Furthermore, the record does not show that counsel for plaintiff "put significantly more hours into preparing the briefing for this appeal then in most cases." (Doc. 28 at 2). According to Mr. Allen's time record attached in support of his fee petition, he spent 12 hours drafting plaintiff's Statement of Errors.[5] (Doc. 25 at 6).

---

[4] In May 2010, plaintiff received notice that he was entitled to benefits beginning in November 2005, which included back pay in the amount of $68,566.50 (of which $17,141.63 was withheld for a potential attorney fee) on behalf of himself and $34,270.00 (of which $8,567.50 was withheld for a potential attorney fee) on behalf of his son. (Doc. 25, Ex. 1).

[5] A review of counsel's other cases in which he sought attorney fees in Social Security appeals fails to indicate the time spent briefing this case was significantly greater than most cases. *See, e.g., Campbell v. Commissioner*, No. 1:07-cv-124 (S.D. Ohio) (Doc. 13) (7.5 hours on Statement of Errors); *Davis v. Commissioner*, No. 1:06-cv-838 (S.D. Ohio)

Finally, plaintiff's contention that his fee request is reasonable because he achieved an excellent result by winning an outright award of benefits at the Court level is contradicted by the evidence of record. Here, the Magistrate Judge recommended that this matter be reversed and remanded for an award of benefits. (Doc. 14). The District Court adopted the Magistrate Judge's finding that the ALJ's non-disability finding was not supported by substantial evidence, but rejected the finding that an immediate award of benefits was warranted. (Doc. 18). Specifically, the District Court found that the evidence of record "does not overwhelming show that plaintiff is so clearly disabled that benefits should be awarded by the Court." (Doc. 18 at 7). Thus, the District Court vacated and reversed the Commissioner's decision that plaintiff was not disabled, and *remanded* the matter for proceedings. *Id.* Contrary to plaintiff's representation, he did not win an outright award of benefits.

The Court recognizes that "[i]n assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast." *Hayes*, 923 F.2d at 422; *see also In re Horenstein*, 810 F.2d 73, 75 (6th Cir. 1986). Thus, the undersigned finds that some increase is warranted to reflect the parties' contingency fee contract, but that the claimed fee of $25,709.13 for 18.75 hours resulting in a hypothetical fee of $1,371.75 per hour would amount to an unconscionable windfall. The legal work performed in this court - while not entirely "boilerplate" - was relatively straightforward. The 10-page "Statement of Errors" required the expenditure of 12 hours. The errors asserted were routine,

---

(Doc. 22) (8 hours); *Franks v. Commissioner*, No. 1:06-cv-810 (S.D. Ohio) (Doc. 16) (7.5 hours); *Rechel v. Commissioner*, No. 06-cv-690 (S.D. Ohio) (Doc. 21) (8 hours); *Ash-Davis v. Commissioner*, No. 1:06-cv-648 (S.D. Ohio) (Doc. 21) (15 hours).

including the ALJ's inadequate consideration of plaintiff's complaints of disabling pain and an improper determination of plaintiff's residual functional capacity. None of the stated errors required extensive legal analysis. An award of twice counsel's hourly rate would achieve the dual purpose of avoiding a windfall, while providing counsel with some benefit of his original contingency fee contract. Accordingly, counsel should be awarded $6,687.00 in fees under §406(b)(1)(A).[6]

The Court therefore **RECOMMENDS** that the §406(b)(1)(A) motion for attorney fees by plaintiff's counsel be **GRANTED, in part**, and that counsel be **AWARDED $6,687.00** as his fee in this case.[7]

Date: 5/25/2011

Karen L. Litkovitz
United States Magistrate Judge

---

[6] Which represents 18.75 hours times an hourly rate of $178.32 multiplied by 2. *See Hayes*, 923 F.2d at 422.

[7] At the time this motion was filed, plaintiff's motion for attorney fees pursuant to the EAJA in the amount of $3,871.82 was also pending before the Court. (Doc. 20). Counsel for plaintiff asserts that his section 406(b) fee request should be reduced by any amount awarded under the EAJA. Because fees awarded under EAJA are payable to the litigant and not the attorney, *see Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2524 (2010); *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 448 (6th Cir. 2009), there is no need for an offset of EAJA fees in this matter.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY THARP,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:08-cv-542
(Barrett, J.; Litkovitz, M.J.)

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).