UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rodney J. Tharp,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No.: 1:08-cv-542

Judge Michael R. Barrett

## ORDER

Before the Court are two Report and Recommendations from Magistrate Judge Karen L. Litkovitz. The first Report and Recommendation ("First Report") (Doc. 30), filed on May 23, 2011, corresponds with Plaintiff's Application for Fees and Expenses Pursuant to the Equal Access to Justice Act ("First Motion") (Doc. 20). The second Report and Recommendation ("Second Report") (Doc. 31), filed on May 25, 2011, corresponds with Plaintiff's Motion for Attorney Fees under Social Security Act, 42 U.S.C. Section 406(b) ("Second Motion") (Doc. 25).

The First Report recommends that Plaintiff's First Motion be granted and that counsel be awarded $3,521.82 in attorney's fees and $350 in costs and expenses.[1] (*See* Doc. 30, 11.) The Second Report recommends that Plaintiff's Second Motion be granted, in part, and that counsel be awarded $6,687. (Doc. 31, 7.) Defendant has filed an Objection to the First Report ("First Objection") (Doc. 32), and an Objection to the

---

[1] Note that the First Report makes a mathematical error in its calculation of fees. As the First Report states, "[c]ompensation for the 19.75 hours at the $178.32 hourly rate yields an attorney fee of $3,655.56" (Doc. 30, 11), but this is incorrect. Multiplying 19.75 hours by $178.32 equals an attorney fee of $3521.82. The rest of the First Report's calculations are correct.

1

Second Report ("Second Objection") (Doc. 33). Plaintiff has not filed any objections or responses.

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2]

For the reasons stated below, the Court overrules both of Defendant's Objections, and both Reports are ADOPTED by this Order.

## I. Background

After the Administrative Law Judge ("ALJ") denied Plaintiff's application for disability insurance benefits, an Order of this Court (Doc. 18) reversed that decision by adopting, in part, a prior Report and Recommendation issued by Magistrate Judge Timothy S. Hogan. Magistrate Judge Hogan recommended that the matter be remanded "solely for a determination of the appropriate onset date and an award of benefits." (Doc. 14, 14.) This Court adopted that recommendation in part. The ALJ's decision was reversed, finding that the ALJ's non-disability finding was not supported by substantial evidence, but the matter was remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) rather than for an immediate award of benefits. (Doc. 18, 7; Doc. 30, 1.)

Thereafter, Plaintiff filed his First Motion (Doc. 20), which sought an award of $3,871.82 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 20, 3.) Defendant filed a response in opposition (Doc. 23) arguing that the government's litigation position was substantially justified and that Plaintiff's fee request was not

---

[2] Notice was attached to both Reports regarding objections. (Doc. 30, 12; Doc. 31, 8.)

2

reasonable. (Doc. 23, 1, 6.)

Magistrate Judge Litkovitz's First Report initially found that Plaintiff's motion was timely and that Plaintiff was the prevailing party. (Doc. 30, 2.) The First Report went on to conclude that Defendant's position was not substantially justified and that Plaintiff's requested rate of $178.32 per hour for 19.75 hours of work was reasonable. (Doc. 30, 6, 10, 11.) Accordingly, the First Report recommended that EAJA fees totaling $3,871.82 should be awarded—$3,521.82 in attorney's fees and $350 in costs and expenses. (*See* Doc. 30, 11.) Defendant has objected to this recommendation. (Doc. 32, 1.) Specifically, Defendant's First Objection argues against any award of benefits based on the following two objections: (1) Defendant's litigation position was substantially justified; and (2) Plaintiff failed to show that he was entitled to the fees sought. (Doc. 32, 1.)

Plaintiff has also filed its Second Motion (Doc. 25), which moves for an award of attorney's fees for $25,709.13 under 42 U.S.C. § 406(b). Alternatively, it seeks $21,836.81 under the EAJA if Plaintiff's First Motion is granted. (Doc. 25, 1.) Defendant filed a response in opposition (Doc. 26) arguing that Plaintiff's Second Motion should be denied because it would represent a windfall. It requests that a lower amount be awarded. (Doc. 26, 1.) Plaintiff thereafter filed a reply in support (Doc. 28) arguing that the requested award is not a windfall. (Doc. 28, 2.)

Magistrate Judge Litkovitz's Second Report first noted that following remand, Plaintiff was found disabled as of November 2005, and Defendant withheld twenty-five percent of past due benefits as a potential contingency fee to be awarded to Plaintiff's counsel. The total withheld was $25,709.13. This is what Plaintiff's counsel requests.

3

(Doc. 31, 2.) The Second Report went on to find that because payment of that amount for only 18.75 hours of attorney time would represent a windfall, an award of only $6,687 was recommended. (Doc. 31, 3, 6, 7.) Defendant's Second Objection raises two objections in response: (1) Plaintiff should not be awarded the recommended amount of fees; and (2) Plaintiff's counsel is required to refund a portion of any award received under the EAJA. (Doc. 33, 1.)

**II.     Analysis**

The Court considers each of Defendant's Objections in turn.

**A.     Standard of Review**

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**B.     The First Report and Defendant's First Objection**

The First Report recommends that Plaintiff should be awarded $3,521.82 in attorney's fees and $350 in costs. Defendant's First Objection raises two objections in response: (1) Defendant's litigation position was substantially justified; and (2) Plaintiff failed to show that he was entitled to the fees sought. (Doc. 32, 1.)

4

### 1. Substantial Justification

Defendant argues that the First Report's finding that the government's position was not substantially justified "rests primarily on a contradictory and untenable view of the evidence." (Doc. 32, 1.) This argument is not well taken.

The EAJA states as follows:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). To be "substantially justified," the United States must show that it had a "reasonable basis both in law and fact" to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552, 555 (1988). The "substantial evidence" standard is not the same as the "substantial justification" standard under the EAJA. *Id.* at 579 n.2 (Brennan, J., concurring in part). The government's position "can be justified even though it is not correct . . . [and] it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. In other words, courts must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id.* at 565; *see also Perket v. Sec'y of Health & Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990) (holding that the government's position must be "justified to a degree that could satisfy a reasonable person").

The term "position of the United States," as used in the EAJA means, "in addition to the position taken by the United States in the civil action, the action or failure to act by

5

the agency upon which the civil action is based." 28 U.S.C. § 2412 (d)(2)(D). Courts must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990) ("[T]he EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as an atomized line-items."). It is the government's burden under EAJA to prove that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

In deciding that Defendant's position was not substantially justified because of a lack of reasonable basis in fact and in law, the First Report stated that the ALJ based his RFC finding on an improper application of well-established legal standards for evaluating Plaintiff's credibility. (Doc. 30, 4.) Furthermore, the ALJ "ignored the objective and clinical findings of record which supported plaintiff's complaints of pain and limitations." (Doc. 30, 5.) Finally, the First Report stated that "[i]n finding plaintiff's testimony not credible, the ALJ also reached conclusions that were within the realm of expert opinion." (Doc. 30, 6.) For these reasons, the First Report found that Defendant's position was not substantially justified. (Doc. 30, 6.)

Defendant's first objection argues that the First Report's finding that the government's position was not substantially justified "rests primarily on a contradictory and untenable view of the evidence." (Doc. 32, 1.) Specifically, Defendant argues that where the First Report criticized the ALJ for not properly assessing Plaintiff's credibility, the government was "justified in defending the ALJ's decision where he pointed to evidence directly contradicting the evidence cited by a physician . . . ." (Doc. 32, 2.) Defendant continues by stating that "[t]he [First] Report declares that 'nothing in the

6

medical records suggested any relationship between the severity of plaintiff's pain and the stability of the collapse pattern of his left hip,' but this is exactly the correlation that Dr. Snyder drew which the Report found that the ALJ did not properly consider." (Doc. 32, 2) (*citing* Doc. 30, 6).

The Court has searched the record for this "exact correlation" that Defendant alleges Dr. Snyder made, but it has found nothing. A simple citation to the record would presumably have aided the Court here, but Defendant has failed to support its argument in this elementary manner. (*See* Doc. 32, 2.) Because it is the government's burden under the EAJA to prove that its position was substantially justified, *Scarborough*, 541 U.S. at 414, and because it has failed to support its argument by citing to the record, Defendant has not upheld its burden here. Accordingly, Defendant's objection here (Doc. 32, 2–3) is OVERRULED.

Defendant next argues that "[t]he [First] Report suggests that range of motion testing and use (or non-use) of an ambulatory aid are not probative of or relevant to the claimant's pain allegations (Report, p. 6), but these were the facts that Plaintiff's physicians were relying on as objective markers of the progression of his condition." (Doc. 32, 3.) Here, Defendant does make one cite to the record, but it does not support the proposition that the non-use of an ambulatory aid is probative of claimant's pain allegations. (*See* Tr. 180.) As the First Report correctly states, "[t]he medical records do not suggest that the lack of using an ambulatory aid lessens the severity of plaintiff's pain to such a degree that he did not need to recline for two hours per workday." (Doc. 30, 6.) This Court does not see in the record where "Plaintiff's physicians were relying on [range-of-motion testing and non-use of ambulatory aids] as objective markers of the

7

progression of his condition." (Doc. 32, 3.) Once again, because Defendant has failed to cite to the record, and as a result has failed uphold its burden here, this objection is OVERRULED.

Defendant next argues that the First Report does not address Dr. Snyder's notations where he uses the term "disabled" and "disability." (Doc. 32, 4.) Defendant argues that where Dr. Snyder stated that Plaintiff was "moderately disabled," (Tr. 101), "[t]he ALJ had no duty to give any special weight to such imprecise conclusions from Dr. Snyder on an issue that is reserved to the Commissioner." (Doc. 32, 4.) Defendant is indeed correct that the determination of disability is an issue reserved to the Commissioner, not one to be made by a treating physician. 20 C.F.R. § 404.1527(e)(1). But this is precisely why the First Report did not address it. Defendant cannot blame the Magistrate Judge for not addressing an issue that is irrelevant. Dr. Snyder's opinion that Plaintiff was disabled played no part in the Magistrate Judge's decision. This objection is OVERRULED.

Finally, Defendant argues that "[t]he ALJ was not required to find that a progression in Plaintiff's disease necessarily meant that he had to lie down for two hours every day." (Doc. 32, 4.) Given that the First Report never stated that the ALJ was required to make such a finding (*see* Doc. 30), this objection is OVERRULED as well.

### 2. Calculation of Fee Award

Defendant next argues that Plaintiff's fee request is unreasonable. (Doc. 32, 4.) Plaintiff requests an award of fees and expenses for $3,871.82, consisting of attorney fees of $3,521.82 and costs and expenses of $350.00. Plaintiff requests an hourly

8

attorney fee of $178.32 based on cost of living increases since enactment of the EAJA. (Doc. 30, 7.)

The EAJA states as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). District Courts must "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley v. Sec'y of Health & Human Servs.*, 996 F.2d 196, 200 (6th Cir. 1992). Although the cost of living has risen since the enactment of the EAJA, the decision to increase a fee award in excess of $125 is a matter left "to the sound discretion of the district court." *Id.* at 199. The Sixth Circuit has "neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

Defendant argues that "[t]he Report did not address the issues raised by the Defendant about Plaintiff's failure to comply with *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983), and prove that his fees are reasonable." (Doc. 32, 4.) In *Hensley*, the Supreme Court stated as follows:

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants—often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate

9

> result achieved." *Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444, at 5049 (CD Cal. 1974). The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

461 U.S. at 434–35. Given that Plaintiff has only brought one claim in this suit (Doc. 1, 2), and given that Plaintiff has prevailed on that sole claim (Doc. 18, 7), the Court cannot imagine how *Hensley* might apply here. Defendant does not clarify its argument by pointing to any cases that apply *Hensley* in the way it seeks to have it applied. (*See* Doc. 32, 4; Doc. 23, 6–7.) The First Report did not consider *Hensley* for the simple reason that it does not apply here. This objection is OVERRULED.[3]

Finally, Defendant argues that Plaintiff has "completely failed to justify his request for $350 in costs. The Report did not address this at all and simply awarded the amount." (Doc. 32, 5.)

Title 28 U.S.C. § 2412 provides for an award of costs to the prevailing party in a case such as this. 28 U.S.C. § 2412(a)(1). "A judgment for costs . . . shall . . . be limited to reimbursing in whole or in part the prevailing part for the costs incurred by such party in the litigation." *Id.* As the docket clearly indicates, Plaintiff paid a filing fee of $350. (08/13/2008 Docket Entry.) Because Plaintiff is "the prevailing party" here

---

[3] The Court notes that *Hensley* also states the following:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. See *Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444, at 5049 (CD Cal. 1974). Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

461 U.S. at 435. This would seem to apply with particular force here (although the Court does not hold as such).

(Doc. 30, 2), and because he has presented a sufficient affidavit supporting those costs (Doc. 20, 9, 11), Plaintiff is entitled to a judgment of costs pursuant to 28 U.S.C. § 2412(a)(1).

Defendant argues that "Plaintiff's failure to explain why he should be permitted to recoup these costs prevents anyone from determining the reasonableness of the request; if the request cannot be proven to be reasonable, it should be rejected." (Doc. 32, 5.)  Defendant does not support this statement with any citation to legal authority, and the Court has found no such authority on its own.  To the contrary, the Court has cited authority justifying the payment of costs here, 28 U.S.C. § 2412(a)(1), and the Court regularly awards such costs, see, e.g., Adkins v. Comm'r of Soc. Sec., No. 1:07cv723, 2011 WL 2020647, at *3 (S.D. Ohio May 24, 2011); Stonitsch v. Comm'r of Soc. Sec., No. 1:09cv593, 2011 WL 1000273, at *2 (S.D. Ohio Mar. 17, 2011); Young v. Comm'r of Soc. Sec., No. 08-14475, 2010 WL 4608686, at *2 (E.D. Mich. Nov. 4, 2010); Rechel v. Comm'r of Soc. Sec., No. 1:06cv690, 2008 WL 3876718, at *1 (S.D. Ohio Aug. 20, 2008).  Defendant's objection here is baseless and unsupported.  It is OVERRULED.

### 3. First Report Conclusion

All of Defendant's specific arguments have been considered, and each objection is OVERRULED.  Accordingly, the First Report (Doc. 30) is ADOPTED, and Plaintiff's Application for Fees and Expenses Pursuant to the Equal Access to Justice Act (Doc. 20) is GRANTED.  Plaintiff shall be awarded $3,521.82 in attorney's fees and $350 in costs, for a total award of $3,871.82.

### C. The Second Report and Defendant's Second Objection

The Second Report recommends that Plaintiff's Second Motion be granted in part and that Plaintiff's counsel be awarded $6,687. (Doc. 31, 7.) Defendant's Second Objection raises two objections in response: (1) Plaintiff should not be awarded the recommended amount of fees; and (2) Plaintiff's counsel is required to refund a portion of any award received under the EAJA. (Doc. 33, 1.)

### 1. Fees Awarded

In a social security case, a court may award a prevailing claimant's attorney a reasonable fee up to twenty-five percent of past-due benefits recovered by the claimant:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also Horenstein v. Sec'y of Health* & *Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (court may award fees only for work performed before the court, and not before the Social Security Administration). An award of twenty-five percent of the past-due benefits is not automatic. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The award must also be reasonable. *Id.* In determining the reasonableness of fees awarded under § 406(b), the starting point is the contingent-fee agreement between the claimant and counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *see also Rodriquez*, 865 F.2d at 746 (holding that although fee agreements are not binding, they present a rebuttable presumption). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* Courts should consider factors such as the character of the

representation, the results achieved, the amount of time spent on the case, the lawyer's normal hourly rate for noncontingent-fee cases, and whether the attorney is responsible for delay. *Id.* at 808. Additionally, courts should consider instances of improper conduct or ineffectiveness of counsel and whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended. *Rodriquez*, 865 F.2d at 746. "The reviewing courts . . . should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client." *Id.* at 747.

In objecting that Plaintiff should not be awarded the recommended amount of fees, Defendant argues that that the rate of $178.32 per hour is unwarranted. (Doc. 33, 2.) This specific argument has already been addressed and overruled.[4] Because Defendant makes no other arguments on this objection, Defendants objection that Plaintiff should not be awarded the recommended amount of fees is OVERRULED.

### 2. Refund of Awarded Fees

Defendant's second objection is that Plaintiff's counsel is required to refund a portion of any award received under the EAJA. (Doc. 33, 1.) Specifically, Defendant objects to the following statement in the Second Report: "Because fees awarded under EAJA are payable to the litigant and not the attorney*, see Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521, 2524 (2010); *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 448 (6th Cir. 2009), there is no need for an offset of EAJA fees in this matter." (Doc. 31, 7 n.7.) Defendant argues that this is a "suggestion that Plaintiff's counsel is not required to refund to Plaintiff any portion of any award that counsel may receive under the Equal Access to Justice Act." (Doc. 33, 1.) Defendant further argues that "in the event that

---

[4] See above, section II.B.2.

counsel receives an award under § 406(b) as well as some or all of any EAJA award, then counsel is required to refund the smaller amount to Plaintiff." (Doc. 33, 3.) This is a correct statement of law, but as an objection, it is irrelevant to the Second Report's recommendation.[5]

Attorneys representing clients in social security actions may seek awards under the EAJA and under § 406. *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). "In the 1985 reauthorization, Congress amended the EAJA to provide explicitly that section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] does not prevent a fee award under the EAJA." *Id.* at 870 n.1. However, attorneys are prohibited "'from collecting both EAJA fees and § 406(b) fees in the same case. In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.'" *Id.* quoting H.R. Rep. No. 120, 99th Cong. 1st Sess. 7 (1985), U.S. Code Cong. & Admin. News 132, 135–36. The Second Report never held or recommended otherwise. Instead, the Second Report was clear that any EAJA fees should be paid directly to Plaintiff rather than to Plaintiff's counsel pursuant to the holding of *Astrue v. Ratliffe*, 130 S. Ct. 2521, 2524 (2010). (Doc. 31, 7 n.7.) As such, Defendant's objection here is OVERRULED.

### 3.   Second Report Conclusion

All of Defendant's specific arguments have been considered, and each objection is OVERRULED. Accordingly, the Second Report (Doc. 31) is ADOPTED, and Plaintiff's Motion for Attorney Fees under Social Security Act, 42 U.S.C. Section 406(b) (Doc. 25) is GRANTED in PART. Plaintiff's counsel shall be awarded $6,687 as his fee in this case.

---

[5] If Defendant is assuming that Plaintiff's attorney will be keeping both the EAJA award of $3,871.82 and the § 406(b) award of $6,687, and that this is a valid reason to deny an award of fees under § 406(b) (*see* Doc. 33, 3), this is argument has no basis in law or fact.

### III. Conclusion

Based on the foregoing, all of Defendant's objections are **OVERRULED**, and both Reports (Docs. 30 and 31) are **ADOPTED**.  Accordingly, Plaintiff's Application for Fees and Expenses Pursuant to the Equal Access to Justice Act (Doc. 20) is **GRANTED**, and Plaintiff's Motion for Attorney Fees under Social Security Act, 42 U.S.C. Section 406(b) (Doc. 25) is **GRANTED in PART**.  The Court **ORDERS** as follows:

- Under the Equal Access to Justice Act, 28 U.S.C. § 2412, Plaintiff shall be awarded $3,521.82 in attorney's fees and $350 in costs, for a total award of $3,871.82.
- Under section 206(b) of the Social Security Act, 42 U.S.C. Section 406(b), Plaintiff's counsel shall be awarded $6,687 as his fee in this case.
- This case is closed.  The Clerk of Court is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge